Filed 6/3/24 In re Hannah B. CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| In re HANNAH B., a Person Coming Under the Juvenile Court Law. | B325638 (Los Angeles County Super. Ct. No. 22CCJP00529A) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> JERRY B., <br><br> Defendant and Appellant; <br><br> TAYLOR S. <br><br> Defendant and Respondent. | |

APPEAL from an order of the Superior Court of Los Angeles County, Gabriela H. Shapiro, Judge Pro Tem. Dismissed in part and remanded with directions.

Katherine Marie Curtis, under appointment by the Court of Appeal, for Defendant and Appellant.

Dawyn Harrison, County Counsel, Kim Nemoy, Assistant County Counsel, and Kimberly Anne Roura, Senior Deputy County Counsel, for Plaintiff and Respondent.

Elizabeth A. Klippi, under appointment by the Court of Appeal, for Defendant and Respondent.

_____

Appellant Jerry B. (father) appeals from the juvenile court's October 20, 2022 order placing his daughter Hannah with her maternal grandmother after removing Hannah from the custody of both parents. For reasons we discuss, we dismiss as moot that portion of father's appeal challenging Hannah's placement with the maternal grandmother. We remand the matter to the juvenile court for further inquiry of the paternal relatives as to whether Hannah is or may be an Indian child within the meaning of the Indian Child Welfare Act and related California statutes (ICWA) through her paternal relatives.

**FACTUAL AND PROCEDURAL BACKGROUND**

The Los Angeles County Department of Children and Family Services (Department) detained Hannah from her parents in February 2022 and initially placed her in the paternal grandparents' home.

Hannah's mother, Taylor S. (mother), filed an ICWA-020 form indicating she and Hannah were members or eligible for membership in the Northern Arapaho Tribe (the Tribe). Father

2

filed an ICWA-020 form indicating that neither he nor his lineal ancestors were tribal members or eligible for membership. The paternal grandparents, however, told the Department in February 2022 that they have Native American heritage.

After receiving notice of the proceedings, the Tribe informed the Department that mother was an enrolled member and that Hannah was eligible for enrollment in the Tribe. The juvenile court found Hannah to be an Indian child within the meaning of ICWA.

The Tribe subsequently intervened and recommended Hannah's placement with maternal relatives, over the objections of Hannah's counsel, the Department, father, and the paternal grandparents, with whom then three-year-old Hannah had lived most of her life. At the contested dispositional hearing, the juvenile court stated that ICWA (specifically, 25 U.S.C § 1915(c) and Welf. & Inst. Code, § 361.31) required the court to follow the Tribe's recommendation and good cause did not exist to depart from the Tribe's placement preference.

**Contentions on appeal**

Father contends the juvenile court erred in giving the maternal grandmother preference over the paternal grandparents because (1) the maternal grandmother did not have preference over the paternal grandparents under the Tribe's Resolution Establishing Tribal Placement Preferences; (2) even assuming placement with the paternal grandparents deviated from applicable ICWA placement preferences, good cause existed to do so; (3) the maternal grandmother never claimed to be an enrolled member of the Tribe or eligible for membership in the Tribe; and (4) the Department and the juvenile court failed to

conduct an adequate ICWA inquiry as to the paternal grandparents' claimed Indian heritage.

**Post-appeal events and OSC re: dismissal**

While this appeal was pending, father successfully reunified with Hannah, and the juvenile court ordered Hannah returned to father's custody with family maintenance services. The court retained jurisdiction and ordered weekend overnight visits with the maternal grandmother and monitored visits for mother. Mother then filed a motion to dismiss the appeal as moot.

In response to an Order to Show Cause re: Dismissal issued by this court, father filed a letter brief in which he argued that discretionary review of his appeal is appropriate because the Tribe's resolution regarding tiered placement preferences should be clarified, and because father could be adversely affected by the juvenile court's purportedly erroneous ruling should he lose custody of Hannah in the future.

## DISCUSSION

**Father's challenge to the placement order is moot**

"An appeal becomes moot when, through no fault of the respondent, the occurrence of an event renders it impossible for the appellate court to grant the appellant effective relief." (*In re Esperanza C.* (2008) 165 Cal.App.4th 1042, 1054.) A reviewing court determines on a case-by-case basis whether subsequent events in a dependency case have rendered the appeal moot and whether its decision would affect the outcome of the case in a subsequent proceeding. (*Id*. at p. 1055.) When an event occurs during the pendency of an appeal that renders it impossible for an appellate court to grant effectual relief to the appellant, the court will ordinarily dismiss the appeal. (*Eye Dog Foundation v.*

4

*State Board of Guide Dogs for the Blind* (1967) 67 Cal.2d 536, 541.)

Father's challenge to Hannah's placement with her maternal grandmother during the reunification period has been rendered moot by subsequent events. While this appeal was pending, father successfully reunified with Hannah and regained custody. Hannah's current placement with father is intended to be permanent, absent a showing in juvenile court of changed circumstances and the child's best interests.

Whether Hannah may be subsequently removed from father's custody, and where she may be placed in the event of such removal are speculative questions, not currently justiciable issues. "[A]n appeal will not be entertained unless it presents a justiciable issue." (*In re I.A.* (2011) 201 Cal.App.4th 1484, 1489.) " ' "[I]t is not within the function of the court to act upon or decide a moot question or speculative, theoretical or abstract question or proposition, or a purely academic question, or to give an advisory opinion on such a question or proposition." ' " (*Id.* at p. 1490.) "When the court cannot grant *effective* relief to the parties to an appeal, the appeal must be dismissed." (*Ibid.*)

We decline father's request that we exercise our discretion to consider the merits of his appeal because it involves an issue of continuing public importance concerning the Tribe's placement preferences. (See *In re Yvonne W.* (2008) 165 Cal.App.4th 1394, 1404.) Anything father would want this court to address would amount to little more than an advisory opinion concerning future events that may not occur. We therefore dismiss as moot that portion of father's appeal challenging Hannah's initial placement with the maternal grandmother.

5

**Remand for ICWA inquiry is appropriate**

A remand is appropriate, however, for the limited purpose of allowing the Department to satisfy its duty of initial inquiry under ICWA regarding the paternal relatives' claim of possible Indian ancestry. The Department does not oppose remand for this purpose.

## DISPOSITION

That portion of father's appeal challenging Hannah's initial placement with the maternal grandmother is dismissed. The matter is remanded with directions that the juvenile court and the Department make reasonable efforts to inquire of all known and available extended paternal family members as to whether Hannah is or may be an Indian child through her paternal relatives.

NOT TO BE PUBLISHED.


LUI, P. J.

We concur:



ASHMANN-GERST, J.



HOFFSTADT, J.

6